# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, | : |
| | : No. 21-cv-2825-JMY |
| vs. | : |
| | : |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al. | : |
| | : |

## ORDER

AND NOW, this 28th day of 2022, upon consideration of the Motion to Dismiss for Failure to State a Claim filed by Defendants (ECF No. 4), all papers filed in support thereof and in opposition thereto, and for the reasons set forth in the accompanying Memorandum filed by the Court, it is hereby ORDERED that said Motion will be GRANTED in part and DENIED in part as follows:

1. Plaintiff's claims arising from acts or omissions predating his execution of the April 21, 2020 Settlement Agreement and General Release (the "Release") in *Bracey v. Link*, No. 17-cv-2836 (E.D. Pa.), are barred under Pennsylvania law and are dismissed from this litigation;

2. Plaintiff's procedural due process claim – Count III of the Complaint ¶¶ 385-386 – shall be dismissed from this action based on the doctrine of collateral estoppel/issue preclusion;

3. Plaintiff may proceed with claims brought against Defendants in their official capacity to the extent these claims seek injunctive/declaratory relief; and

4. Plaintiff may proceed with his remaining 42 U.S.C. § 1983 and disability discrimination claims to the extent that these claims do not arise from acts or occurrences that predate the Settlement Agreement and General Release and/or are not precluded by the doctrine of collateral estoppel/issue preclusion.

IT IS SO ORDERED.[1]

BY THE COURT:

/s/ John Milton Younge
Judge John Milton Younge

---

[1] The Court will revisit the preclusive effect of the Settlement Agreement & General Release along with the doctrine of collateral estoppel/issue preclusion on the acts, omissions or conduct giving rise to this litigation at the conclusion of fact discovery at the stage of litigation when motions for summary judgment may be filed.